IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY CROCKETT, | ) | CASE NO. 4:10CV2486 |
| | ) | |
| Petitioner, | ) | JUDGE ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| BENNIE KELLY, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).  Before

the court is the petition of Gary Crockett ("Crockettr") for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254 on November 1, 2010.  Crockett is in the custody of the Ohio

Department of Rehabilitation and Correction pursuant to journal entry of sentence in the

case of *State of Ohio vs. Crockett*, Case No. 06 CR 1294 (Mahoning County 2006).  For

the reasons set forth below, the court should dismiss Crockett's petition.

I.

The state appellate court reviewing Crockett's conviction during his first direct appeal

found the following facts to be relevant to his case:

{¶ 2} On November 3, 2006, Bertrum Moore, Eric Lewis, and Keith Tillis were driving
around Youngstown, Ohio smoking marijuana.  While traveling on Glenwood
Avenue, Lewis spotted Martwain Dill in a pickup truck.  Lewis phoned Crockett and
directed Moore, who was driving, to drive them to Crockett's girlfriend's house to
pick him up.  Once there, Crockett got in the vehicle carrying an assault rifle in a
black plastic trash bag and a 9mm semiautomatic handgun.  Crockett gave the
handgun to Lewis.  Shortly thereafter, they spotted Dill in his truck again at a side
street to Glenwood Avenue, Earle Street. Moore stopped the vehicle in front of Dill's

truck and Crockett, Lewis, and Tillis exited the car.  Crockett and Lewis opened fire on Dill while he was seated in his truck and Tillis fled the scene on foot.  Dill suffered numerous gunshot wounds and perished.  Police later recovered numerous assault rifle and 9mm shell casings from the scene.

{¶ 3} On November 21, 2006, a Mahoning County grand jury indicted Crockett and Lewis for aggravated murder with a firearm specification, Crockett for having a weapon while under disability, and Moore for complicity to aggravated murder.  Crockett pleaded not guilty and the case proceeded to discovery and other pretrial matters.  Crockett, Lewis, and Moore's cases eventually were ordered to be tried separately.   A jury trial commenced on November 27, 2007, on Crockett's aggravated murder charge, with the having a weapon while under disability count deferred.  On December 4, 2007, the jury found Crockett guilty.  That same day, the state moved to dismiss the having a weapon while under disability count.  On December 4, 2007, the trial court sentenced Crockett to life imprisonment with parole eligibility after 30 years consecutive to the mandatory three years in prison for the firearm specification.

*State v. Crockett*, 2009 WL 1710750, at *1 (Ohio App. June 12, 2009).  The court also

sentenced Crockett to post-release control.

Crockett moved for a new trial on December 26, 2007.  The trial court overruled this

motion on January 23, 2008.  Crockett did not appeal this ruling.

Crockett timely appealed his conviction and sentence.   Crockett raised five

assignments of error in this first direct appeal:

FIRST ASSIGNMENT OF ERROR:

Revised Code Section 2967.28 authorizes post-release control for felonies of the first through fifth degree. Aggravated Murder is a special felony with no level, which is sentenced under R.C. 2929.03.  The trial court violated due process and committed plain error when it imposed post-release control without statutory authority to do so.

SECOND ASSIGNMENT OF ERROR:

Felony charges must be brought to trial within 270 days under R.C. 2945.71(C)(2). Days when the defendant is incarcerated in lieu of bail are counted as three days each.  Trial counsel rendered ineffective assistance when they failed to request discharge, under 2945.73(B), following four months of sua sponte continuances, in addition to other chargeable time, while the defendant was incarcerated.

2

THIRD ASSIGNMENT OF ERROR:

Defendants have the fundamental right to effective assistance of counsel.  An attorney who fails to impeach the State's only identification witness with on-the-record information severely undermining his testimony is ineffective.  Mr. Crockett's counsel was ineffective for failing to argue that Keith Tillis was the shooter of the assault rifle, since he was captured on video wearing the camouflage coat that Lucretia May identified the assault riffle's shooter as wearing.

FOURTH ASSIGNMENT OF ERROR:

The rules of evidence govern admissibility.  Recorded recollections are admissible under Evid.R. 803(5) only when the witness states that the recorded statements were made when the witness' memory was fresh and correctly reflect that knowledge.  The trial court erred by allowing Tara Rust's recorded statement to be played for the jury, since she testified that her original statements were lies based on police threats to arrest her and remove her children.

FIFTH ASSIGNMENT OF ERROR:

The rules of evidence govern admissibility of evidence.  Statements are not admissible unless specifically provided for by the rules of evidence.  The trial court erred in admitting prejudicial statements and information, which had the cumulative effect of denying Mr. Crockett a fair trial.

On June 12, 2009, the state appellate court affirmed Crockett's judgment of conviction but reversed the judgment entry of sentence and remanded the case for resentencing pursuant to resolution of Crockett's first assignment of error.

Crockett did not file a timely notice of appeal of the state appellate court's decision. On September 18, 2009, Crockett filed in the Ohio Supreme Court a motion for delayed appeal.  On November 4, 2009, The Ohio Supreme Court denied Crockett's motion and dismissed his appeal.

The trial court resentenced Crockett on August 19, 2009.  The court again sentenced him to life imprisonment with eligibility for parole after 30 years and to three years' imprisonment, to be served consecutively, for the firearm specification.  The court

did not impose any post-release control.

Crockett timely appealed his resentencing to the state appellate court. On December 23, 2009, Crockett's appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), and moved to withdraw as counsel.  Crockett failed to file a *pro se* brief.  The state appellate court granted the motion, found his appeal to be frivolous, affirmed the sentence of the trial court, and dismissed Crockett's appeal.

Crockett applied to reopen his second direct appeal pursuant to Ohio App. R. 26(B). Crockett asserted that appellate counsel had been ineffective in two respects:

First Assignment of Error

Appellant attorney fell below objective standard of reasonableness outlined in *Strickland* test.  Appellant attorney provided ineffective assistance when he failed to investigate and find documents of "public knowledge" that would prove that the State did in fact exceed appellant's right to a speedy trial according to R.C. 2945.71(E).  This would also prove that trial counsel rendered ineffective assistance when they failed to request discharge under R.C. 2945.73(H), following four months of sua sponte continuances, in additon to other chargeable time, while appellant was incarcerated in lieu of bail and awaiting trial.  These violations prejudice[d] the appellant in denying him his due process rights afforded him in the Ohio Constitution Article I section 10 and the 5th, 6th, and 14th Amendments to the United States Constitution.

Second Assignment of Error

Appellant counsel['s] performance fell below reasonable standard outlined in Strickland test when he failed to address trial counsel's ineffectiveness in failing to file a motion to suppress evidence inadmissable [sic] due to unconstitutional search in violation of Ohio Constitution Article I section 10, 14, and 16 and the 4th, 5th 6th, and 14th Amendments to the United States Constitution.

On October 16, 2009, the state appellate court denied Crockett's application as without merit. The appellate court noted in its opinion that as Crockett's case had been remanded solely for resentencing, the only possible issues that Crockett could have raised on appeal were issues related to his resentencing.

4

Crockett filed in the Ohio Supreme Court a timely notice of appeal of the state appellate court's denial of his application to reopen his appeal.  In his memorandum in support of jurisdiction, Crockett asserted two propositions of law:

### Proposition of Law #1

Appellate counsel fell below objective standard of reasonableness outlined in *Strickland* when he failed to investigate and find documents that would prove that the State did in fact exceed Appellant's rights to a speedy trial according to R.C. 2945.71(E).  This would also prove that counsel rendered ineffective assistance when they failed to request discharge under R.C. 2945.73(H).

### Proposition of Law #2

Trial counsel fell below reasonable standard in *Strickland* and proved ineffective by their negligence when they failed to file a motion to suppress evidence inadmissible due to unconstitutional activity by searching officers.

On January 27, 2010, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.

On November 1, 2010, Crockett filed in this court a petition for a federal writ of habeas corpus.  Crockett asserts four grounds for relief in his petition:

GROUND ONE:  State failed to bring defendant to trial is a speedy manner as prescribed in speedy trial doctrine. Counsel was ineffective for failing to request a dismissal due to a violation of defendant's right to a speedy trial.

GROUND TWO:  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure 4th Amendment.

GROUND THREE:  Trial court erred by allowing the video recorded statement of Tara Rust to be played and heard by the jury. The Due Process and Confrontation Clause of the U.S. and Ohio Constitutions.

GROUND FOUR: Ineffective Assistance of Appellate Counsel.

Respondent filed an Answer/Return of Writ on MaY 27, 2011.  Doc. No. 13.  Crockett filed a Traverse on August 26, 2011.  Doc. No. 28.  Thus, the petition is ready for decision.

II

*A.  Jurisdiction*

The Court of Common Pleas of Mahoning County, Ohio sentenced Crockett. Crockett filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d).  Mahoning County is within this court's geographic jurisdiction. This court has jurisdiction over Crockett' petition.

*B.    Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings.  28 U.S.C. § 2254(e)(2).  There is no need for an evidentiary hearing in the instant case.  All of Crockett's claims involve legal issues that can be independently resolved without additional factual inquiry.

*C.    Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain

6

available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity between the federal government and the states:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) (other citations omitted). Because exhaustion is a matter of comity, a petition containing unexhausted claims may be denied on the merits. 28 U.S.C. § 2254(b)(2).

Crockett has no state remedies available for his claims. Because no state remedies remain available to him, Crockett has exhausted state remedies.

7

*D.    Procedural default*

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . .  not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure."  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Procedural default occurs when a petitioner fails to present fairly to the highest state court his claims in a federal constitutional context.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982).  Moreover, a failure to present a claim to the highest court in the state deprives a federal court hearing a habeas petition of jurisdiction on that issue.  *See McKeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

If the state argues that a petitioner has procedurally defaulted his claims, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an  "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and

that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  A default  also will be excused if

petitioner demonstrates that not excusing the default "will result in a fundamental

miscarriage of justice."  *Coleman*, 501 U.S. at 750.

Respondent contends that Crockett has defaulted his first three grounds for relief.[1]

Crockett raised his first and third grounds for relief, a violation of his right to a speedy trial

and improper admission of evidence, in his direct appeal.  The state appellate court

overruled those claims on the merits, and Crockett failed timely to perfect an appeal of that

decision to the Ohio Supreme Court.  Crockett raised his second ground for relief,

admission of evidence derived from an unconstitutional search, only as a subclaim in his

R. 26(B) motion as a ground for his claim of ineffective assistance of counsel.  Crockett

never raised this claim as an independent claim in any state court.  Thus, Crockett has not

fairly presented these claims to the highest court in the state.

Ohio S. Ct. Prac. R. II, § 2(A) ("R. II, § 2(A)") requires appellants to file in the Ohio

Supreme Court a notice of appeal of a state appellate court judgment within 45 days of the

---

[1]  Crockett also defaulted his fourth ground for relief, ineffective assistance of appellate counsel.  Although Crockett asserted ineffective assistance of counsel in his application pursuant to R. 26(B) and timely appealed denial of the application to the Ohio Supreme Court, Crockett raised grounds for counsel's ineffective assistance that were not procedurally permitted.  Crockett asserted that appellate counsel had been ineffective for failing to raise assignments of error related to Crockett's conviction.  As the state appellate court noted, however, only assignments of error related to Crockett's resentencing were properly before the court on appeal.  The grounds Crockett raised for alleged ineffective assistance of appellate counsel were grounds that the state appellate court was procedurally barred from considering.  Consequently, Crockett procedurally defaulted his fourth ground for relief.

Nevertheless, procedural default is an affirmative defense that must be raised by respondent.  As respondent has failed to raise that defense with respect to Crockett's fourth ground for relief, the court shall consider the merits of that claim.

entry of that judgment.  This requirement is an adequate and independent state ground on which Ohio may rely to foreclose habeas relief.  *Smith v. Ohio Dept. of Rehab. & Corr.*, 463 F.3d 426, 431-32, 432 n.3 (6th Cir. 2007).  Raising a claim that should have been raised pursuant to R. II, § 2(A) by filing a motion for a delayed appeal pursuant to  Ohio S. Ct. Prac. R. II, § 2(A)(4)(a) does not cure an appellant's procedural default.  Appellants applying for delayed appeal to the Ohio Supreme Court and having received a denial of their application have procedurally defaulted their claims.  *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004); *see also Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 431-32, 432 n.3 (6th Cir. 2006) (holding that a dismissal a motion for delayed appeal is a dismissal on procedural grounds and is an adequate and independent ground upon which Ohio may rely to foreclose habeas review).  Crockett has procedurally defaulted his first, second, and third grounds for relief.

Crockett fails to demonstrate cause and prejudice for his default or demonstrate that enforcing the default would result in a manifest miscarriage of justice.  Consequently, Crockett's first, second, and third grounds for relief should be dismissed as procedurally defaulted.

III.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

10

of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Carey v. Musladin*, 549 U.S. ___, 127 S. Ct. 649, 653 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Carey*, 127 S. Ct., at 653.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court). A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* at 405-06. A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand. *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001). The court will examine Crockett's remaining ground for relief using the deferential standard applied to state court rulings on the petitioner's claims.

Crockett contends that his appellate counsel during his second direct appeal was ineffective for failing to investigate and assert a violation of Crockett's right to a speedy trial. Respondent replies that Crockett's contention is without merit.

Defendants have a right to appointed counsel for the first appeal of right.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  An appellant has no constitutional right to have every nonfrivolous issue raised on appeal, *Jones v. Barnes*, 463 U.S. 745, 750-54 (1983), and tactical choices regarding issues on appeal are properly left to the sound judgment of counsel.  *United States v. Perry*, 908 F.2d 56, 59 (6th Cir.), *cert. denied*, 498 U.S. 1002 (1990).  The standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984),  is applicable to claims of ineffective assistance of appellate counsel.  *See Bowen v. Foltz*, 763 F.2d 191, 194 n.4 (6th Cir. 1985).

Petitioner's counsel was ineffective if "counsel's conduct so undermined the proper functioning of the adversarial process that the [process] cannot be relied on as having produced a just result."  *Strickland*, 466 U.S. at 686; *see also Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997).  Ineffective assistance of counsel has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687; *see also Groseclose*, 130 F.3d at 1167.

The first prong of this test, the showing of deficient performance, is an objective one: "[T]he proper standard for attorney performance is that of reasonably effective assistance.

12

. . . When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness," as judged by "prevailing professional norms."  *Strickland*, 466 U.S. 687-88; *see also Groseclose*, 130 F.3d at 1167.  Scrutiny of counsel's performance is highly deferential to avoid second-guessing an adverse decision.  *Strickland*, 466 U.S. at 689; *see also Groseclose*, 130 F.3d at 1167.  The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Groseclose*, 130 F.3d at 1167.

The second prong of the test for ineffective assistance of counsel is whether the error prejudiced petitioner:

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Strickland*, 466 U.S. at 690-91 (citations omitted); *see also Groseclose*, 130 F.3d at 1168.

Crockett raised his claim of ineffective assistance of appellate counsel in his application to reopen pursuant to R. 26(B) during his second direct appeal.  In response to his argument that appellate counsel for his second direct appeal had been ineffective for failing to investigate and assert a violation of Crockett's right to a speedy trial, the state appellate court wrote, "This assignment of error was fully addressed in the [first direct] appeal.  Crockett simply disagrees with the conclusions reached and the logic used by the appellate court."  Judgment Entry, Answer, Exh. 28, p. 3.  During Crockett's first direct

13

appeal, the state appellate court found that Crockett had waived his right to appeal any alleged violation of his right to a speedy trial because Crockett had failed to file in the trial court a motion to dismiss on that ground.  Under Ohio law, failure to file such a motion constitutes a waiver of the issue on appeal.  *Crockett*, 2009 WL 1710750 at *4 (citing *State v. Trummer*, 114 Ohio App. 3d 456, 470-471, 683 N.E.2d 392 (1996)).

Moreover, in denying Crockett's application to reopen his second direct appeal, the state appellate court found that because Crockett's second direct appeal was an appeal based solely on his resentencing, Crockett could not raise any issues on appeal other than issues related to that resentencing.  Crockett contends that his appellate counsel was ineffective for failing to raise the issue of speedy trial.  That is an issue related to Crockett's conviction, not his sentencing.  Thus, this was an issue that could not properly have been raised on Crockett's second appeal.

To show that his appellate counsel was ineffective, Crockett must prove that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by this ineffective performance.  Crockett has proven neither.  The failure of counsel to raise on appeal an issue that has been waived and that could not properly be raised is objectively reasonable.  Crockett has also failed to prove that he was prejudiced by the failure to raise during his second appeal the issue of a violation of the right to a speedy trial.  Had Crockett's appellate counsel raised this issue on Crockett's second direct appeal, the state appellate court would have rejected it as waived and as beyond the proper scope of Crockett's appeal.

Crockett has not shown unreasonable performance or prejudice.  For this reason, his fourth ground for relief, ineffective assistance of appellate counsel, should be dismissed

as without merit.

IV.

For the reasons given above, Crockett's first, second, and third grounds for relief should be dismissed as procedurally defaulted.  Crockett's fourth ground for relief should be dismissed as without merit.  Thus, Crockett's petition should be dismissed with prejudice.

Date:  October 24, 2011                          /s/ *Nancy A. Vecchiarelli*
                                                 United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**