UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY CROCKETT, | ) | CASE NO. 4:10CV02486 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER AND DECISION** |
| BENNIE KELLY, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner Gary Crockett's (Petitioner) objections to the Magistrate Judge's Report and Recommendation filed on October 24, 2011. (Doc. 29 and Doc. 30). For the following reasons, Petitioner's objections are OVERRULED. This Court AFFIRMS the recommendation of the Magistrate Judge and DISMISSES Petitioner's petition for habeas corpus.

The R&R adequately states the factual and procedural history of this matter. The Court does, however, note that the Magistrate Judge incorrectly concluded that Petitioner's application for reopening, pursuant to Ohio App.R. 26(B) was from the state appellate court's decision in Petitioner's appeal from his resentencing.[1] This is procedurally inaccurate in that Petitioner's application for reopening was from the state appellate court's decision on his initial direct appeal, regarding the merits of his case. This error was harmless, however, because the Magistrate Judge conducted a de novo review of the underlying claim. The remainder of the facts and procedural history however are adequate and this Court will not reiterate those sections herein.

---

[1] The Court will further discuss this issue below.

1

## I. STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

## II. LAW AND ANALYSIS

### a. Exhaustion

Federal courts have jurisdiction to entertain an application for a writ of habeas corpus brought by a person from a state court judgment if the person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. §2254(a). Before the Court can review an application for a writ of habeas corpus on the merits, the applicant must complete certain procedural steps. See 28 U.S.C.A. § 2254(b). An applicant must fully exhaust all remedies in state court. 28 U.S.C.A. § 2254(b)(1).

The statute states that:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
(A) the applicant has exhausted the remedies available in the courts of the State…

For each claim, the petitioner must utilize a full round of the state's review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires that the applicant provide state courts the opportunity to act on his claims before bringing the claims to federal court in a writ for habeas corpus. *Id.* Exhaustion is complete when a petitioner presents all of his claims to the highest court where the petitioner was convicted because this action gives the state a full and fair opportunity to decide petitioner's claims. *Id.*

A federal court must dismiss a petition if it contains at least one claim that has yet to be exhausted in state court. See *Rose v. Lundy*, 455 U.S. 509, 519 (1982). However, the petition may go forward if there are unusual and compelling circumstances. *Granberry v. Greer*, 481 U.S. 129 (1987).

### b. Procedural Default

Procedural default may occur in two ways. First, procedural default may occur if the petitioner fails to comply with a state procedural rule. A federal court must conduct a four-step analysis when the state argues that a petitioner failed to observe a state procedural rule on a petition for habeas corpus. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule... Second, the court must decide whether the state courts actually enforced the state procedural sanction… Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Id.* Finally, the petitioner must show that there was "cause" for him not to follow the rule and that he was prejudiced by the error. *Id.* This Court will not review claims that were not considered by the state courts from Petitioner's failure to raise those claims or when Petitioner fails to "comply with a state procedural rule that prevents the state courts from reaching the merits of the claims." *Smith v. Ohio Dept. of Rehab. & Corr.*, 463 F.3d 426, 430-31 (6th Cir. 2006) (Citing *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). Procedural default also occurs if the petitioner fails "to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Thompson v. Bell.* 580 F.3d 423, 437 (6th Cir. 2009) (quoting *Harris v. Reed*, 489 U.S. 255, 263) (internal citations and quotations omitted).

### c. Objections

#### i. Petitioner Objects to The Magistrate's Judge's Conclusion that Ground One and Ground Three Are Procedurally Defaulted By

3

### Petitioner's Failure to Timely File a Direct Appeal to The Ohio Supreme Court.

Petitioner objects to the Magistrate Judge's conclusion that Ground One and Ground Three of his petition were procedurally defaulted. Ground One states that:

> The "State failed to bring defendant to trial in a speedy manner as prescribed in speedy trial doctrine. Counsel was ineffective for failing to request a dismissal due to a violation of defendant's right to a speedy trial."

Ground Three of the petition provides that:

> The "Trial court erred by allowing the video recorded statement of Tara Rust to be played and heard by the jury… [in violation of] [t]he Due Process and Confrontation Clause of the U.S. and Ohio Constitutions."

In his objection to the R&R (Doc. 29), Petitioner argues that the failure to perfect a timely appeal of the Supreme Court of Ohio is not a procedural default. Petitioner argues that the failure to file a timely appeal to the Supreme Court of Ohio was due to his attorney's instruction "not to file anything" until contacted. (Doc. 30).

On December 27, 2007, Petitioner filed a direct appeal challenging his conviction. The assignments of error were the same as those in Grounds One and Three in the instant Petition. On June 12, 2009, the Seventh District Court of Appeals affirmed the conviction, and Petitioner eventually filed a delayed appeal to the Supreme Court of Ohio. However, Petitioner failed to timely perfect his appeal to the Supreme Court of Ohio. See Ohio S. Ct. Prac. R. II, §2(A) (stating that "[t]o perfect an appeal from a court of appeals to the Supreme Court, … the appellant shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed). Instead, on September 18, 2009, Petitioner filed a motion for a delayed appeal. This motion was rejected by the Ohio Supreme Court pursuant to Ohio S. Ct. Prac. R. II, §2(A)(4)(a).

4

Applying the *Maupin* test, this Court agrees with the Magistrate Judge's conclusion that Petitioner procedurally defaulted Grounds One and Three of his petition when he failed to file a timely appeal to the Supreme Court of Ohio. Although Petitioner filed a motion for a delayed appeal, an entry by the Supreme Court of Ohio denying a petitioner's motion for leave to file a delayed appeal "constitutes a procedural ruling sufficient to bar federal court review" of a habeas corpus petitioner. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).  First, Ohio S. Ct. Prac. R. II, §2(A) sets out the procedural rules for filing an appeal from a conviction of a felony to the Supreme Court of Ohio. Petitioner failed to comply with the forty-five day requirement when he filed his notice of appeal to the Supreme Court of Ohio ninety-eight days after the judgment entry from the Seventh District Court of Appeals.

Second, the Supreme Court of Ohio enforced its own procedural rule when it denied Petitioner's motion to file a delayed appeal. When considering this motion, the Ohio Supreme Court does not look at the merits of the case. *Bonilla*, 370 F.3d at 497. Only after the motion for a delayed appeal is granted is the Petitioner permitted to file memorandum in support of his substantive legal arguments. *Id.* When a state court is silent on its reasons for denying relief, it is assumed that the state court would have enforced any applicable procedural bar. *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

Third, the Supreme Court of Ohio's denial of Petitioner's motion for a delayed appeal is "an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim" because the rule requiring a timely appeal is both firmly established and regularly followed by the Ohio state courts. See 28 U.S.C. §2254. See also *Stone v. Moore*, 644 F.3d 342, 348 (holding that denial of a petitioner's delayed appeal was an adequate ground on which the state court could rely to foreclose habeas review).

5

In his objection, Petitioner argues there is cause and prejudice to excuse the procedural default from failing to file a timely notice of appeal to the Supreme Court of Ohio. Establishing cause requires the habeas corpus petitioner to show that "some objective factor external to the defense" prevented the petitioner from complying with a state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488. Petitioner argues that he did not file a timely appeal because his appellate attorney instructed him not to file anything until further notice. However, a review of the letter reveals that Petitioner's appellate counsel did not instruct Petitioner not to file his direct appeal. (Doc. 13-1, Exhibit # 18). On the contrary, the letter informed Petitioner when his appeal was due to the Supreme Court of Ohio. *Id.* The letter informed Petitioner that counsel would attempt to look into Petitioner's potential arguments on appeal and get back to him. *Id.* Specifically, counsel instructed Petitioner to file the appeal on his own if Petitioner did not hear from counsel a week before the due date of the appeal. *Id.* This Court finds that there is no cause to excuse Petitioner's procedural default. The failure to establish cause eliminates the need for this Court to examine prejudice. *Murray,* 477 U.S. at 478. Therefore, Petitioner's objection to the Magistrate Judge's conclusion that Grounds One and Three were procedurally defaulted is OVERRULED.

> **ii. Petitioner Objects to The Magistrate Judge's Conclusions that Ground Two Represented a "Subclaim" that Petitioner Procedurally Defaulted By Failing to Raise It as an Independent Action.**

In his petition for habeas corpus, Petitioner's second ground for relief states that his conviction was unlawfully "obtained by use of evidence gained pursuant to an unconstitutional search and seizure [in violation of the] 4th Amendment." (Doc. 28). Petitioner did not raise this argument in his direct appeal to the State appellate court or in his motion for delayed appeal to the Supreme Court of Ohio. Instead, Petitioner first raised this claim in his motion to reopen his direct appeal. Petitioner timely applied to reopen his direct appeal under Ohio App. R. Rule

6

26(b) citing appellate counsel's failure to appeal on the basis of the ineffective assistance of trial counsel. It was Petitioner's argument that trial counsel should have filed a motion to suppress evidence obtained in violation of the 4th Amendment, and appellate counsel was deficient in failing to raise trial counsel's deficiency on direct appeal.

Petitioner's Second Ground for post-conviction relief has been procedurally defaulted by his failure to raise the claim in state court and pursue it through ordinary appellate procedures. "Under Ohio law, a defendant may not raise a claim in post-conviction proceedings that could have been raised on direct appeal but was not." *Gross v. Warden, Lebanon Correctional Inst.*, 426 Fed.Appx. 349, 356 (6th Cir. 2011) (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (internal citations omitted). Raising a claim of ineffective assistance of counsel for failing to file a motion to suppress evidence does not preserve the claim that Petitioner's conviction was obtained by evidence obtained in violation of the Fourth Amendment when Petitioner failed to raise the issue on direct appeal. See *Id.* at 359 (Holding that raising a claim for ineffective assistance of counsel for failing to pursue a plea of not guilty by reason of insanity does not preserve the claim that the trial court erred by failing to grant substitute counsel who would have entered that plea). A trial court error is distinct from a claim of ineffective assistance of counsel, and a petitioner does not preserve claims merely by raising an ineffective assistance of counsel claim at a later state court proceeding. *Id.* Ground Two is procedurally defaulted because Petitioner failed to raise his Fourth Amendment violation claim on his direct appeal. This Court concludes that Petitioner also failed to demonstrate cause or prejudice to excuse the default. Therefore, Petitioner's objection to the Magistrate's dismissal of Ground Two of his petition for habeas corpus is OVERRULED.

### iii. Petitioner Objects to The Magistrate Judge's Determination That Petitioner Did Not Receive Ineffective Assistance of Counsel

A claim for ineffective assistance of appellate counsel requires that Petitioner show that "counsel performed deficiently and that the [petitioner] was prejudiced by counsel's deficient performance." *Thompson v. Warden, Belmont Correctional Institution*, 598 F.3d 281, 285 (6th Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984)). Petitioner must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 669. A reviewing court must look at the surrounding circumstances and afford a high degree of deference to counsel when determining whether counsel's representation was reasonable. *Id.* at 688-89.

The state appellate court reviewed and denied Petitioner's claim that his right to a speedy trial was violated in his direct appeal. Petitioner first raised his ineffective assistance of appellate counsel claim in his application to reopen the first direct appeal pursuant to Ohio App.R. 26(B). The application for reopening was denied, and Petitioner appealed to the Supreme Court of Ohio. The state's highest court also declined to allow Petitioner to reopen his direct appeal. The Magistrate Judge incorrectly concluded that Petitioner defaulted on this ground for relief stating in a footnote that

> "[a]lthough Crockett asserted ineffective assistance of counsel in his application pursuant to R. 26 and timely appealed denial of the application to the Ohio Supreme Court, Crockett raised grounds for counsel's ineffective assistance that were not procedurally permitted. Crockett asserted that appellate counsel had been ineffective for failing to raise assignments of error related to Crockett's conviction. As the state appellate court noted, however, only assignments of error related to Crockett's resentencing were properly before the court on appeal. The grounds Crockett raised for alleged ineffective assistance of appellate counsel were grounds that the state appellate court was procedurally barred for considering. Consequently, Crockett procedurally defaulted his fourth ground for relief."

8

Doc. 29 at FN 1. This statement, however, is incorrect. A careful review of the record reveals that the state appellate court issued its opinion on the merits of his direct appeal on June 12, 2009. The state appellate court affirmed in part and reversed for resentencing. The trial court resentenced him on August 18, 2009. Petitioner appealed from his resentencing on September 18, 2009. Petitioner's application to reopen was filed on September 10, 2009. As such, it is clear that his application for reopening was from his FIRST appeal on the merits of his case, not the resentencing. The Magistrate Judge confused Petitioner's two appeals and the timing of the application for reopening. However, despite believing Petitioner had procedurally defaulted his claim, the Magistrate Judge still conducted a de novo review. Notably, the Magistrate Judge concluded that "procedural default is an affirmative defense that must be raised by respondent. As respondent has failed to raise that defense with respect to Crockett's fourth ground for relief, the court shall consider the merits of that claim." Accordingly, the Magistrate Judge's mistake on the procedural facts of this case was harmless.

Petitioner asserts that appellate counsel in his first direct appeal was ineffective for failing to locate documents that would show that the State presented incorrect dates to the appellate court that were used in reviewing his speedy trial claim. Specifically, Petitioner argues that appellate counsel was ineffective for failing to correct the record to reflect Petitioner's actual arrest date, November 20, 2006. However, this error does not make counsel's performance deficient. Appellate counsel is not required to assert every argument urged by the appellant regardless of its merit. *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998). The "tactical choices" regarding which issues to raise on appeal are properly left to the professional judgment of appellate counsel. *Id.* Under the deference given to counsel, it is reasonable to believe that counsel considered the argument but found other legal arguments stronger. Because Petitioner

9

has failed to show that appellate counsel fell below an objective standard of reasonableness in presenting Petitioner's speedy trial claim, there is no need to address prejudice.

Therefore, Petitioner's objection to the Magistrate's dismissal of Ground Four of his petition for habeas corpus is OVERRULED.

### III. CONCLUSION

This Court finds no merit to the objections raised by Petitioner. Therefore, Petitioner's objections are OVERRRULED. The Court ADOPTS the Report and Recommendation. The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

DATE: May 30, 2012              */s/ John R. Adams*_____
                                Judge John R. Adams
                                UNITED STATES DISTRICT COURT